IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

FILED
MAR 31 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | |
|---|---|
| PETER KALTMAN, § <br> MALCOLM LORD, § <br> CELESTE NAVON, § <br> DAVID W. ORTBALS, § <br> PAUL E. STEWARD, § <br> GARCO INVESTMENTS, LLP § <br> Individually and On Behalf of § <br> All Others Similarly Situated, § <br>             Plaintiffs, § <br> § <br> v. § <br> § <br> KEY ENERGY SERVICES, INC., § <br> FRANCIS D. JOHN, AND § <br> ROYCE MITCHELL § <br> § <br> § <br> Defendants. § | CAUSE NO. MO-04-CV-82 |

### ORDER AND FINAL JUDGMENT

The Stipulation and Agreement of Settlement, dated as of November 16, 2007, (the "Stipulation"), of the above-captioned consolidated civil action (the "Action"), having been presented at the Final Settlement Approval Hearing on March 6, 2008, pursuant to the Preliminary Approval Order entered herein on November 21, 2007, which Stipulation was joined and consented to by Lead Plaintiff Bellaire Castle Corporation (the "Lead Plaintiff") and Defendants Key Energy Services, Inc. ("Key Energy" or the "Company"), Francis D. John ("John") and Royce W. Mitchell ("Mitchell") (collectively the "Defendants") (together Lead Plaintiff and the Defendants are referred to as the "Parties") and which (along with the defined terms therein) is incorporated herein by reference;

The Court, having determined that notice of said hearing was given in accordance with the

March 28, 2008 (2:39pm)                 Page 1 of 8

Preliminary Approval Order to members of the Class as certified by the Court in the Preliminary Approval Order, and that said notice was the best notice practicable and was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Stipulation and the settlement of the Action as between Lead Plaintiff and the Defendants provided therein (the "Settlement"); and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice and no one appeared to object to the settlement of the Action; and the entire matter of the Settlement having been considered by the Court;

ORDERS and ADJUDGES as follows:

1. The Court, for purposes of this Order and Final Judgment, adopts all defined terms as set forth in the Stipulation.

2. The Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") has been given to the Class (as defined hereinafter), pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice was filed with the Court by Lead Counsel, and full opportunity to be heard has been offered to all Parties, the Class, and persons and entities in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Fed. R. Civ. P. 23, and it is further determined that all members of the Class are bound by the Judgment herein.

3. Each of the provisions of Fed. R. Civ. P. 23 has been satisfied and the Action has been properly maintained according to the provisions of Rules 23(a) and 23(b)(3). Specifically,

this Court finds, for purposes of settlement only, that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and its counsel have fairly and adequately protected the interests of the Class; (e) the questions of law and fact common to members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Action is hereby certified as a class action for purposes of settlement only pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of a class composed of all persons who purchased or otherwise acquired the common stock of Key Energy during the period April 29, 2003 through and including June 4, 2004. Excluded from the Class are the Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any affiliates or entities in which the Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class, as listed on Exhibit 1 annexed hereto.

5. The Settlement, and all transactions preparatory or incident thereto, are found to be fair, reasonable, adequate, and in the best interests of the Class, and it is hereby approved. The Parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions; and the Clerk of this Court is directed to enter and docket this Order and Final Judgment in the Action.

6. The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against any and all of the Defendants.

7. As used in this Order and Final Judgment, the terms "Released Claims," "Released Parties," and "Settled Defendants' Claims" shall have the meanings as provided in the Stipulation.

8. Upon the Effective Date of this Settlement, Lead Plaintiff and members of the Class on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, and any persons they represent, shall, with respect to each and every Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against any of the Released Parties.

9. Upon the Effective Date of this Settlement, Lead Plaintiff and members of the Class on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, and any persons they represent, shall, with respect to each and every Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against Royce W. Mitchell or Francis D. John.

10. Upon the Effective Date of this Settlement, Key Energy and Francis D. John, on behalf of themselves and their successors and assigns, shall also release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

11. Upon the Effective Date of this Settlement, Royce W. Mitchell, on behalf of himself and his successors and assigns, shall also release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

12. This Order and Final Judgment, the Stipulation and all negotiations, statements, and proceedings in connection herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Lead Plaintiff, any Defendant, any member of the Class, or any other person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Stipulation and settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiff, any member of the Class, or any other person, has or has not suffered any damage.

13. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Stipulation.

14. The Court finds that all Parties and their counsel have complied with each requirement of the PSLRA and Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15. The Court finds that all Persons within the definition of the Class have been adequately provided with an opportunity to remove themselves from the Settlement by executing and returning a "request for exclusion" in conformance with the terms of the Preliminary Approval Order and the Notice. All Persons who have requested exclusion from this Settlement in the manner described in the Notice are not bound by this Judgment. All persons who have opted out of this Action are identified on Exhibit 1 hereto.

16. Only those Class Members filing valid and timely Proof of Claim and Release forms ("Proofs

of Claim") shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Class Members shall further release all Released Claims against the Released Parties. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

17. No Authorized Claimant shall have any claim against Lead Counsel, the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Authorized Claimant shall have any claim against the Defendants, Defendants' Counsel or any of the Released Parties with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the Escrow Account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class Members.

18. Lead Counsel is hereby awarded attorneys' fees of thirty percent (30%) of the Settlement Fund and reimbursement of expenses in the amount of $248,348.88, plus interest on both amounts. The above amounts shall be paid to Lead Counsel pursuant to the terms of the Stipulation. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion and sole discretion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

19. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.  The Settlement has created a fund of $15,425,000 in cash, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Lead Counsel;

b.  Over 34,000 copies of the Notice were disseminated to putative Class Members indicating that Lead Counsel was moving for attorneys' fees not to exceed thirty percent (30%) of the Settlement Fund and for reimbursement of out-of-pocket expenses not to exceed $275,000, plus interest on both amounts, and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Lead Counsel contained in the Notice;

c.  This Action involved numerous difficult issues related to liability and damages;

d.  Lead Counsel achieved this Settlement with skill, perseverance, and diligent advocacy for the Class;

e.  Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the Class may have recovered less or nothing from the Defendants;

f.  Lead Counsel has devoted over 7,700 hours, with a lodestar value of $2,958,952, to achieve the Settlement;

g.  Lead Counsel pursued this Action on a contingent basis;

h.  Lead Counsel's request of 30% of the Settlement Fund in attorneys' fees is consistent with awards in similarly complex cases in this jurisdiction; and

i.  This Settlement was negotiated at arm's-length, and no evidence of fraud or collusion has been presented.

j.  The Court has received the billing records of Lead Counsel and has reviewed some of the records.

20. In the event that the Settlement fails to become effective in accordance with its terms, or if this Order and Final Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Order and Final Judgment (except this Paragraph) shall be null and void, the Settlement, except for ¶¶12, 14, 28, 36, 37 and 38 of the Stipulation, shall be deemed terminated, and the

Parties shall return to their pre-settlement positions as provided for in the Settlement, except that (i) any modifications, reversal, or vacation of the award of attorneys' fees and expenses to Lead Counsel on appeal or in any further motions in this Court shall in no way disturb or affect any other part of this Order and Final Judgment, and (ii) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Order and Final Judgment.

21. Without affecting the finality of this Order and Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Lead Plaintiff, the Class, and the Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Order and Final Judgment; (2) hearing and determining any application by Lead Counsel for an award of attorneys' fees, costs, and expenses; and (3) supervising the distribution of the Settlement Fund.

SIGNED this **31st** day of March, 2008.

*/s/ Robert Junell*
ROBERT JUNELL
United States District Judge
Western District of Texas

From the Office of

Myron Smith
4 Lakeview Ave. E
Cortlandt Mnr, NY  10567

(914) 739-1435

FAX (914) 736-1450

1/22/08

Peter Kaltman et al.
v. Key Energy Services, Inc.

Please see the claim ID as photo'd below. — I am not sure that I am included in the Class because of acquisition and disposal (sold) dates — but if I am <u>I am opting out</u> as the no. of shares I held was not enough to participate.

Thank you.

Myron B Smith
(IRA/AC)

---

**PART I: CLAIMANT IDENTIFICATION:**

Claim Number. **2018981**     Control Number

MR MYRON B SMITH IRA A/C
CIBC WORLD MARKETS CORP, CUST
4 LAKEVIEW AVE EAST
CORTLANDT MANOR, NY  10567 - 6402

RECEIVED
JAN 2 4 2008
THE GARDEN CITY GROUP, INC.

EXHIBIT
A-1



WESTCHESTER NY 105

22 JAN 2008 PM 1 T



Mr Myron Smith
4 Lakeview Ave E
Cortlandt Mnr NY 10567

Peter Kalbman et al. v. Key Energy Services, Inc. et al.
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9197
Dublin, OH 43017-4197

43017+4197

Robert J Brown
42311 Camden Way
Lancaster, CA 93536-7330
661-722-2845
rjbrown60@verizon.net



RECEIVED JAN - 9 2008

THE GARDEN CITY GROUP, INC.

Exclusions
c/o The Garden City Group, Inc
Claims Administrator
P O Box 9233
Dublin, Ohio 43017-4633
January 3, 2008

Administrator:

Because I get nothing, I object to the settlement parameters and still requiring this letter! Pleased be advised that Robert J. Brown wishes to be excluded from the Peter Kaltman et al v Key Energy Services, Inc. et al., Cause No. MO-04-CV-082 settlement

According to Item 1 B. of the Notice, there will be no "Recognized Loss" for stock purchased and sold in the time frame I held it, see below:

I held 200 shares purchased at $10.86 on June 18, 2003. It cost $22.00 in buying fees. I sold the 200 shares at $9.69 on August 15, 2003 after reading negative predictions about the future of the stock. It cost $22.00 in selling fees. I lost $234 plus $44 fees on the stock.

I am including above, if needed to clarify any problems, my address, telephone number and email address

Regards,

*Robert J Brown*
Robert J Brown

BAKERSFIELD CA 933
MOJAVE CA
01 JAN 2008 PM 2 T

Mr Robert Brown
42311 Camden Way
Lancaster, CA 93536

Peter Keltman et al. v. Key Energy Services, Inc. et al.
Exclusions
c/o The Garden City Group Inc.
Claims Administrator
P.O. Box 9233
Dublin, OH 43017-4633

43017+4633